**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                      Case No.  06-31459

SAUNDRA KAY JARVIS

                Debtor

**MEMORANDUM ON UNITED STATES TRUSTEE'S MOTION
FOR IMPOSITION OF FINES PURSUANT TO 11 U.S.C. § 110 (2005)**

**APPEARANCES:**    Saundra K. Jarvis
                           127 Coffey Lane
                           Rutledge, Tennessee  37861
                           Debtor, *Pro Se*

                           J. H. Mayton
                           1814 John West Road
                           No. 215
                           Dallas, Texas  75228
                           Bankruptcy Petition Preparer, *Pro Se*

                           RICHARD F. CLIPPARD, ESQ.
                           UNITED STATES TRUSTEE, REGION 8
                            Patricia C. Foster, Esq.
                            Suite 114, Howard H. Baker, Jr. U.S. Courthouse
                            800 Market Street
                            Knoxville, Tennessee  37902
                            Attorneys for the United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Motion for Imposition of Fines Pursuant to 11 U.S.C. §110(*l*)(1), (2)(D) and for Forfeiture of Compensation Pursuant to §110(h) and Notice of Hearing (Motion) filed by the United States Trustee, Richard F. Clippard, on August 22, 2006. By this Motion, the United States Trustee requests an order directing J. H. Mayton, a bankruptcy petition preparer, to forfeit all compensation received from the Debtor in this bankruptcy case and imposing fines against Mr. Mayton pursuant to 11 U.S.C. § 110 (2005). A hearing on the Motion was held on September 21, 2006. Mr. Mayton did not appear, nor did he otherwise respond to the Motion.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

**I**

From the record in this bankruptcy case, the court makes the following findings:

1. The Debtor filed the Voluntary Petition commencing her bankruptcy case under Chapter 7, *pro se*, on July 7, 2006. The petition was signed by the Debtor and does not disclose that it was prepared by a bankruptcy petition preparer. The petition was not accompanied by the compensation disclosure statement that is required to be filed by a bankruptcy petition preparer pursuant to 11 U.S.C. § 110(h)(2).

2. The Debtor filed a number of documents on July 24, 2006, including her Statement of Financial Affairs, Schedules A - J with the accompanying Declaration Concerning Debtor's Schedules, and Chapter 7 Individual Debtor's Statement of Intention. These three documents were signed by the Debtor and dated July 24, 2006. In the section on each document entitled "Declaration

of Non-Attorney Bankruptcy Petition Preparer (*see* 11 U.S.C. § 110)" or "Certification and Signature of Non-Attorney Bankruptcy Petition Preparer (*see* 11 U.S.C. § 110)," the following typewritten language has been inserted below the lines requiring the name and address of the bankruptcy petition preparer who prepared the document for compensation:

> Mayton, J.H., J.D.
> (not licensed to practice law in this jurisdiction)
> 1814 John West Road # 215
> Dallas, TX 75228[1]

Mr. Mayton's social security number also appears on each of these documents. Mr. Mayton did not, however, sign these documents.

    3. The United States Trustee filed the present Motion on August 22, 2006. On the same date, the Debtor or J. H. Mayton filed the following documents: an Amended Voluntary Petition; an Amended Declaration Concerning Debtor's Schedules; an Amended Chapter 7 Individual Debtor's Statement of Intention; Disclosure of Compensation of Bankruptcy Petition Preparer, disclosing the Debtor's payment to Mr. Mayton of $100.00 prior to the commencement of her bankruptcy case "for document preparation services";[2] a Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer (*see* 11 U.S.C. § 110); and a Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer. All of these documents were signed by the Debtor on August 22, 2006, the date they were filed. They were also signed by Mr. Mayton, although the date of his

---

[1] The language varies slightly on the Declaration Concerning Debtor's Schedules, wherein it states that Mr. Mayton is "not licensed to practice law in TN."

[2] In his Disclosure of Compensation of Bankruptcy Petition Preparer, Mr. Mayton certifies that he "prepared or caused to be prepared . . . the Debtor's Petition, Schedules, Means Test, Statement of Fin. Affairs, Declarations, Disclosures, Matrix, Statement of Intention, etc." and that he "typed all forms at direction of Debtor."

signature, where required, is not inserted. The letters "J. D." appear beside Mr. Mayton's typed or printed name on each document.

    4. The Debtor testified at a hearing held on August 24, 2006, in opposition to an automatic stay motion filed by Wells Fargo Bank, NA, requesting modification of the stay to allow it to foreclose on its lien encumbering the Debtor's residence, that Mr. Mayton prepared, on her behalf, the Debtor's Response in Objection to Creditor Wells Fargo Bank's Motion for Relief From Automatic Stay filed by the Debtor, *pro se*, on August 8, 2006, and the Brief in Support of Debtor's Response in Objection to Creditor Wells Fargo Bank's Motion for Relief From Automatic Stay filed by the Debtor, *pro se*, on August 22, 2006. Mr. Mayton's name does not appear on either of these documents, and he is, by his own admission, not licensed to practice law in the State of Tennessee, nor is he authorized to appear, *pro hac vice*, before this court.[3]

---

[3] There is a serious question as to whether Mr. Mayton is an attorney licensed to practice law in the State of Texas or elsewhere. By inserting the letters "J. D." after his typed or printed name, Mr. Mayton has represented that he has a *Juris Doctor* (doctor of law) degree. However, on the Notice to Attorney by Non-Bankruptcy Petition Preparer filed on August 22, 2006, he certified, *inter alia*, that "I am not an attorney and may not practice law or give legal advice." The record in this contested matter is not, however, sufficient to allow the court to conclusively determine whether Mr. Mayton, notwithstanding that he may have a law degree, is or is not authorized to practice law in any jurisdiction.

## II

The court finds that J. H. Mayton is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a),[4] subject to the provisions of 11 U.S.C. § 110, and that he has violated numerous obligations required of him by this statute.

### Section 110(b)(2)

This section requires a bankruptcy petition preparer to provide certain notice to a debtor prior to preparing any document for filing or accepting any fee. Specifically, § 110(b)(2) provides:

> (2)(A)  Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.
>
> (B)  The notice under subparagraph (A)—
>
>   (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
>
>   (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
>
>   (iii) shall—

---

[4] (a)  In this section—

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and
>
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

11 U.S.C. § 110(a).

>    (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
>
>    (II) be filed with any document for filing.

11 U.S.C. § 110(b)(2).

The Debtor filed the Voluntary Petition commencing her bankruptcy case on July 7, 2006. Mr. Mayton acknowledges in his Disclosure of Compensation of Bankruptcy Petition Preparer filed on August 22, 2006, that he prepared the Voluntary Petition and all statements and schedules thereafter filed by the Debtor.[5] The Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer required by this section was signed and filed by Ms. Jarvis on August 22, 2006, more than six weeks after she filed her case.

**Section 110(h)(2)**

This section requires a bankruptcy petition preparer to file a compensation disclosure statement contemporaneously with the filing by the debtor of his or her bankruptcy petition. Specifically, § 110(h)(2) provides:

>    (h)(2)  A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.  If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

11 U.S.C. § 110(h)(2).

---

[5] *See supra* n.2.

6

The Debtor's petition, filed on July 7, 2006, does not disclose its preparation by Mr. Mayton, nor was it accompanied by the compensation disclosure statement required by § 110(h)(2). Mr. Mayton filed the required Disclosure of Compensation of Bankruptcy Petition Preparer on August 22, 2006, again, more than six weeks after the Debtor filed the petition commencing her bankruptcy case.

Because the amended documents filed on August 22, 2006, contain Mr. Mayton's signature together with his name, address, and appropriate identification number, the court will deem him to be in compliance with §§ 110(b)(1) and (c)(1), which provide, respectively, that "[a] bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address," and shall place on the document, after the preparer signature, "an identifying number that identifies individuals who prepared the document." 11 U.S.C. § 110(b)(1) and (c)(1).

### III

Having determined that Mr. Mayton is in violation of §§ 110(b)(2)(A) and (h)(2), §§ 110(i)(1) and (*l*)(1) mandate the imposition of sanctions.

### Section 110(i)(1)

This section requires the imposition of sanctions by the court for a violation of § 110 if the violation is brought to the court's attention on motion of the United States Trustee. Specifically, § 110(i)(1) provides:

> (i)(1)  If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the . . . United States trustee . . . and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
>
>> (A)  the debtor's actual damages;
>>
>> (B)  the greater of—
>>
>>> (i)  $2,000; or
>>>
>>> (ii)  twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>>
>> (C)  reasonable attorneys' fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1).

The language of this section is mandatory. Because the court does not have before it proof of any actual damages sustained by the Debtor, because the Debtor only paid Mr. Mayton $100.00 for his services, and because there are no attorney's fees and costs associated with the filing of the Motion by the United States Trustee, the court will, in compliance with § 110(i)(1)(B), award the Debtor the "greater" amount of $2,000.00.

### § 110(*l*)

This section requires the court to fine a bankruptcy petition preparer who fails to comply with the provisions of § 110, directs that such fines be tripled under certain circumstances, and directs payment of the fine to the United States Trustee. Specifically, § 110(*l*) provides, in material part:

> (*l*)(1)  A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure;

>    (2)  The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer—
>
>    . . . .
>
>    (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.
>
>    (3)  A . . . United States trustee . . . may file a motion for an order imposing a fine on the bankruptcy petition preparer for any violation of this section.
>
>    (4)(A)  Fines imposed under this subsection in judicial districts served by United States trustees shall be paid to the United States trustee[.]

11 U.S.C. § 110(*l*).

Here, as discussed, Mr. Mayton failed to comply with § 110(b)(2)(A) by failing to file contemporaneously with the Debtor's bankruptcy petition the written notice required by this section and by failing to comply with § 110(h)(2) by failing to file his compensation disclosure statement which was required by this section to be filed with the Debtor's petition. Because the court finds Mr. Mayton's noncompliance to be blatant, he will be fined $500.00 for each violation for a total of $1,000.00. Additionally, because Mr. Mayton's identity was not disclosed on the Voluntary Petition commencing this case filed by the Debtor on July 7, 2006, the court shall, in accordance with § 110(*l*)(2), triple the fine to $3,000.00. The fine imposed herein shall, in accordance with § 110(*l*)(4)(A), be paid to the United States Trustee.

In accordance with this Memorandum, an order will be entered directing the Bankruptcy Petition Preparer J. H. Mayton to pay the Debtor the sum of $2,000.00 and to pay the United States Trustee the sum of $3,000.00. Judgment for these amounts will be entered.

FILED:  September 29, 2006

                                  BY THE COURT

                                  */s/  RICHARD STAIR, JR.*

                                  RICHARD STAIR, JR.
                                  UNITED STATES BANKRUPTCY JUDGE